UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMIKA A. MOBLEY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:13-cv-253 |
| | : | |
| v. | : | JUDGE COLLIER/CARTER |
| | : | |
| CITY OF CHATTANOOGA, | : | JURY DEMAND |
| FORMER OFFICER ADAM COOLEY, in his | : | |
| official capacity as an agent for the City of Chattanooga | : | |
| and in his individual capacity, | : | |
| | : | |
| Defendants. | : | |

## ANSWER

Come now the Defendants, City of Chattanooga ("City") and Former Officer Adam Cooley, in his official capacity, (hereinafter collectively, "City Defendants"), by and through counsel, and for answer to Plaintiff's AmendedComplaint (hereinafter, "Plaintiff's Complaint") styled against them state the following:

## FIRST DEFENSE

The Amended Complaint fails to state a claim against City Defendants upon which relief can be granted.

## SECOND DEFENSE

For answer to the specific allegations of Plaintiff's Complaint, City Defendants state as follows:

1. To the extent that a response is required regarding the allegations as to the official capacity of all City Defendantscontained in Paragraph 1 of Plaintiff's Complaint, City Defendants admit that Plaintiff has alleged various claims against severalCity Defendants in their individual and official capacities, but denies that saidCity Defendants violated any of Plaintiff's

rights under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the Tennessee Governmental Tort Liability Act ("TGTLA"), other statutory and common law of the State of Tennessee or any other basis of liability.

2. To the extent a response is required regarding the allegations as to the official capacity of all City Defendants, City Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. To the extent a response is required regarding the allegations as to the official capacity of all City Defendants, City Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. To the extent a response is required regarding the allegations as to the official capacity of all City Defendants, City Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Regarding the allegations contained in Paragraph 5 of Plaintiff's Complaint, City Defendants admit that Plaintiff has alleged various claims against severalCity Defendants in their individual and official capacities, but deny that City Defendants violated any of Plaintiff's rights under the United States Constitution, 42 U.S.C. § 1983, other statutory and common law of the State of Tennessee or any other basis of liability.City Defendants admit that this court has subject matter jurisdiction over all federal claims and state law claims in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1441.

6. Regarding the allegations contained in Paragraph 6 of Plaintiff's Complaint,City Defendants admit that Plaintiff has alleged that certain acts occurred in Hamilton County and, thus, venue is proper in this District Court. City Defendants, in their official capacities, are without sufficient information or knowledge to admit or deny the allegation that Plaintiff is a resident of Hamilton County; therefore, for purposes of this Answer, these allegations are

denied.City Defendants, in their official capacities, admit subparagraphs (b) and (c) of Paragraph 6 of Plaintiff's Complaint.

7. Regarding the allegations contained in Paragraph 7 of Plaintiff's Complaint, City Defendants, in their official capacities, are without sufficient information or knowledge to admit or deny the allegations contained therein regarding Plaintiff's citizenship and that plaintiff was "partaking of the goods and services of various business in downtown Chattanooga"; therefore, for purposes of this Answer, these allegationsare denied.City Defendants admit that Plaintiff appears to be an African-American. Any and all other allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8. City Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. City Defendants, in their official capacities, admit that all police officers employed by the City are certified and trained above the minimum levels required by the State of Tennessee as to the safe confinement and treatment of prisoners; misconduct of prisoners and treatment of prisoners in custody. City Defendants, in their official capacities, further admit that the City has implemented rules and regulations to prevent recurring patterns of misconduct by City officers and to place supervisor personnel on notice of recurring misconduct by its officers in the course and scope of their duties. Any and all other allegations in Paragraph 9 of Plaintiff's Complaint are denied.

10. Regarding the allegations contained in Paragraph 10 of Plaintiff's Complaint, to the extent such claims are based on the negligent acts or omissions of a City employee in his official capacity, such allegations are admitted. Any and all other allegations in Paragraph 10 of Plaintiff's Complaint are denied.

## FACTUAL BASIS OF COMPLAINT

11. Regarding the allegations contained in Paragraph 11 of Plaintiff's Complaint, City Defendants, in their official capacities, admit that onMay 11, 2013, plaintiff was at a business known as "The Big Chill" located in downtown Chattanooga. City Defendants, in their official capacities, are without sufficient information or knowledge to admit or deny the allegation that Plaintiff was with her friends; therefore for the purpose of this Answer, this allegation is denied. All remaining allegations in Paragraph 11 of Plaintiff's Complaint are denied.

12. Regarding the allegations contained in Paragraph 12 of Plaintiff's Complaint, City Defendants, in their official capacities,admit that Cooley asked Plaintiff to leave the area near The Big Chill. The remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18. Regarding the allegations contained in Paragraph 11 of Plaintiff's Complaint, City Defendants, in their official capacities state that on August 23, 2012, the District Attorney determined that the charges against Plaintiff would be dismissed at a later date upon Plaintiff's good behavior and that the charges were dismissed by the General Sessions Court on February 23, 2013.The remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

## CITY'S LIABILITY

19. City and Cooley, in his official capacity, deny all allegations set forth in Paragraphs 19 including Subparagraphs (a) through (ll). These City Defendants would submit that Plaintiff has included a collage of unrelated incidents and lawsuits filed by Plaintiff's current counsel and others that do not in any way establish any unconstitutional policies, customs or practices adopted by any City policymaker. All such allegations are denied and strict proof is demanded thereof in the trial of this cause to the extent this Court determines them to be material and relevant to the claims against the City.

20. City and Cooley, in his official capacity, deny the allegations contained in Paragraphs 20 including Subparagraphs (a) through (c) of Plaintiff's Complaint. All such allegations are denied and strict proof is demanded thereof in the trial of this cause to the extent this Court determines them to be material and relevant to the claims against the City.

21. City and Cooley, in his official capacity, deny the allegations contained in Paragraphs 21 of Plaintiff's Complaint. All such allegations are denied and strict proof is demanded thereof at the trial of this cause to the extent this Court determines them to be material and relevant to the claims against the City.

22. City and Cooley, in his official capacity, deny the allegations contained in Paragraphs 22 including Subparagraphs (b) and (c) of Plaintiff's Complaint. All such allegations are denied and strict proof is demanded thereof at the trial of this cause to the extent this Court determines them to be material and relevant to the claims against the City.

23. City and Cooley, in his official capacity, deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT ONE: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. § 1983

24. In response to Paragraph 24 of Plaintiff's Complaint, City and Cooley, in his official capacity, incorporate by reference their previous responses to Paragraphs 1-23 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26. It is admitted that Cooley, in his official capacity, acted under color of law. It is denied that any negligent act alleged in Paragraph 26 of Plaintiff's Complaint created any cause of action under 42 U.S.C. § 1983. It is further denied that any intentional acts set forth in Paragraphs 26including Subparagraph (a) constitute a valid claim for denial of procedural or substantive due process under the United States Constitution. Any and all other allegations in Paragraph 26 of Plaintiff's Complaint are denied.

27. Regarding the allegations contained in Paragraph 27 of plaintiff's Complaint, City and Cooley, in his official capacity, are not aware of any specific duty under Tennessee law that any governmental entity has to all citizens regarding the proper training of its police officers and therefore the allegations are denied. Cooley, in his official capacity, submits that he is entitled to qualified immunity under the Public Duty Doctrine as interpreted by the Tennessee Supreme Court as a matter of law or under federal law from such claims. Defendant City denies that it was deliberately indifferent to the constitutional rights of others in its considerations of training and supervision of its officers under federal common law and any such allegations as to any deliberate indifference by the City in the proper training of its officers who were present during this incident is expressly denied.

28. Regarding the allegations contained in Paragraph 28 of plaintiff's Complaint, Cooley, in his official capacity, denies that the City, as a governmental entity, breached any duty owed to the public regarding the proper supervision of its police officers and therefore the allegations are denied. Cooley, in his official capacity, submits that he is entitled to qualified immunity under the Public Duty Doctrine as interpreted by the Tennessee Supreme Court as a matter of law or under federal law from such claims. Defendant City denies that it was deliberately indifferent to the constitutional rights of others in its considerations of training and supervision of its officers under federal common law and any such allegations as to any deliberate indifference by the City in the proper supervision of its officers who were present during the scene is expressly denied.

29. Defendant City denies it breached any supervisory duty to investigate and remove officers for proven improper conduct as set forth in Paragraph 29 of Plaintiff's Complaint. It is denied that any actions by the City resulted from deliberate indifference and all other allegations in Paragraph 29 are denied.

30. All allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31. All allegations contained in Paragraph 31 including Subparagraphs (a) and (b) of Plaintiff's Complaint are denied.

32. All allegations contained in Paragraph 32 of Plaintiff's Complaint are denied. It is expressly denied that Plaintiff is entitled to recover any punitive damages, actual damages or attorney's fees against any City Defendant, as a matter of law.

33. All allegations contained in Paragraph 40 of Plaintiff's Complaint are denied. It is expressly denied that Plaintiff is entitled to recover any punitive damages, actual damages or attorney's fees against any City Defendant, as a matter of law.

## COUNT TWO: MALICIOUS PROSECUTION

34. In response to the allegations contained in Paragraph 34 of Plaintiff's Complaint, City Defendants incorporate by reference their previous responses to Paragraphs 1-33 of Plaintiff's Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein. Other than as stated herein, Paragraph 34 of Plaintiff's

35. City Defendants state that no answer is necessary from them with respect to the prayer for relief, but to the extent that an answer may be required, such Defendants deny that they are liable to plaintifffor any damages in any amount whatsoever. Defendant City is not liable for any punitive damages as a matter of law.

36. All other allegations of the Plaintiff's Complaint not heretofore admitted, explained or denied are hereby specifically denied and City Defendants demand strict proof thereof.

## **THIRD DEFENSE**

City Defendants specifically asserts all defenses applicable to them under the Tennessee Governmental Tort Liability Act "TGTLA", T.C.A. § 29-20-101 *et seq*., and incorporates by reference herein all defenses specified therein. In particular, City Defendants rely upon the following provisions:

- A. T.C.A. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:
    - i. T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.
    - ii. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a

  court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

  iii. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

  iv. T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of May 11, 2012.

## FOURTH DEFENSE

It is denied that City or any of its employees violated the Plaintiff's constitutional rights or that City or any of its employees violated 42 U.S.C. §§1983 or 1988 in any actions taken toward the Plaintiff.

## FIFTH DEFENSE

City Defendants submit thatCooley, in his official capacity, enjoys qualified immunity for certain actions as a police officer of the City as he was acting pursuant to duly enacted laws of the City and the State of Tennessee.

## SIXTH DEFENSE

City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

## SEVENTH DEFENSE

Cooley, in his official capacity,is immune from liability and not a proper party under the

TGTLA for any act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## EIGHTH DEFENSE

City denies that any claim by Plaintiff has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of City. City would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

## NINTH DEFENSE

City would show that there was no illegal or discriminatory action taken by Cooley, in his official capacity, towards Plaintiff and no actions by this officer occurred as a result of any unconstitutional policy, custom, or practice adopted by City.

## TENTH DEFENSE

City denies that Cooleydeprived Plaintiff of any of her constitutional rights or that Cooley, in his individual capacity, in any way violated 42 U.S.C. §§ 1983 or 1988, the United States Constitution or statutory or common laws of the State of Tennessee as a result of any actions taken against Plaintiff.

## ELEVENTH DEFENSE

City states that it cannot be held liable for any damages asserted by Plaintiff claimed on the grounds that any alleged injuries sustained by Plaintiff were not proximately caused by or directly related to any unconstitutional policy, custom or practice of City. City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. City would assert that the police officer's actions of Cooley were objectively reasonable based upon the facts known to him at the time and that he

did not violate Plaintiff's constitutional rights. Moreover, none of the actions of Cooley, in his official capacity, violated any statutory or common laws of the State of Tennessee.

**TWELFTH DEFENSE**

City would assert that no claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by an act or omission of an employee within the scope of employee's employment and in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

**THIRTEENTH DEFENSE**

City will show that it was not deliberately indifferent in providing any training or supervision of its officers in connection with this incident.

**FOURTEENTH DEFENSE**

City and Cooley, in his official capacity, would submit that they cannot be subject to punitive damages in this case as a matter of law and that any punitive damages claimed against Cooley, in his individual capacities, is not supported by the facts pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff has attempted to allege a negligence claims against any City Defendants, Plaintiff is barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiff is at least fifty (50%) percent at fault for any alleged injuries or damages sustained by the Plaintiff.

**SIXTEENTH DEFENSE**

City will establish that it properly trained and supervised its employees above and beyond

the standards required under Tennessee law. The City of Chattanooga will establish that there was no negligent training or supervision of its officers on or before May 11, 2012, which proximately caused any injury or damages to the Plaintiff.

### SEVENTEENTH DEFENSE

All of Plaintiff's claims are barred by the applicable statutes of limitations.

### EIGHTEENTH DEFENSE

City Defendants reserve the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiff's claims.

WHEREFORE, having fully answered, City Defendants, City of Chattanooga and Officer AdamCooley, in his official capacity, pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorneys' fees.

Respectfully submitted,

CITY OF CHATTANOOGA, TENNESSEE
OFFICE OF THE CITY ATTORNEY


By:  s/  *Keith J. Reisman*
PHILLIP A. NOBLETT - BPR #10074
*Deputy City Attorney*
KEITH J. REISMAN – BPR #026974
*Assistant City Attorney*
100 East 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 14th day of August, 2013.

                                                                                                 s/ *Keith J. Reisman*